IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Harlow P. BIELEFELDT, Jr., Attorney at Law.

Supreme Court

*No. 83–485–D. Filed October 11, 1983.*
(Also reported in 338 N.W.2d 703.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On March 16, 1983, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging that Harlow P. Bielefeldt, Jr., an attorney admitted to practice in 1956 and who resides in Waukesha, was guilty of unprofessional conduct in his representation of a client who retained him to represent his interest in the sale of

1

his business property in 1976. In that transaction the sum of $1,000 from the sale proceeds was to be placed in escrow pending confirmation of payment of real estate taxes, and the funds were to be deposited in the respondent's trust account. It was alleged that when the respondent was notified that the taxes had been paid, he disbursed $500 to his client but failed and refused to disburse the balance of the escrowed funds and has failed to respond to his client's continued demands for payment. It was alleged that such conduct violates SCR 20.50(2)(c) and (d).

The complaint also alleged that the respondent failed to reply to two letters from the Board and two letters from the district professional responsibility committee requesting a response to the grievance filed by the respondent's client. The respondent was served with a notice of investigative meeting by the district committee which required him to appear in person at that meeting and to make a full and fair disclosure of all facts and circumstances concerning his conduct in the matter and to produce his entire file, including trust account books and records, in connection therewith. The respondent failed to appear at that meeting. It was alleged that such conduct constituted failure to cooperate with the Board and district committee, in violation of SCR 22.07(2) and (3).

We referred the matter to the Honorable Franklin W. Clarke as referee, pursuant to SCR 21.09(4). In his answer, the respondent denied that the sum of $1,000 was placed in escrow but admitted that the escrow agreement called for such payment. The respondent alleged that the $1,000 check given to him by the purchaser at the time of the closing was returned for insufficient funds and that the purchaser subsequently gave the respondent a check for $500, which the respondent deposited into his trust account and later released to his

client. The respondent alleged that he never received the $500 balance from the purchaser and so advised his client on several occasions. He also alleged that he did not attend the investigative meeting of the district committee for the reason that he had previously met with the Board's administrator in Milwaukee, discussed the matter with him and left with him a portion of his file. He alleged that he was under the belief that he would therefore not be required to attend the meeting.

On August 26, 1983, the Board and the respondent entered into and filed a stipulation in lieu of a hearing in the matter. That stipulation recited that the respondent had been suspended from membership in the state bar on November 20, 1979, for nonpayment of dues and that the suspension continues, that the allegations of misconduct concerning failure to disburse client funds be dismissed for the reason that the respondent produced documents establishing that the check given to him for funds to be placed in escrow was returned for insufficient funds, such that the respondent was unable to meet his client's request for delivery of such funds, and that the respondent admits the allegations concerning his failure to respond to Board and district committee inquiries concerning the matter and his failure to attend the investigative meeting, although he gave written notice to the committee that he would not appear. The respondent stipulated that such conduct violated SCR 22.07(2) and (3) and agreed that he would not contest the Board's request that the referee recommend the imposition of a public reprimand, together with payment of the costs of the proceeding.

The referee filed his report with the court on August 30, 1983, in which he made findings of fact consistent with the stipulation of the parties and concluded that the respondent's failure to respond to the letters of inquiry and his failure to appear at the district committee meet-

ing constituted failure to cooperate with the Board and local committee, in violation of SCR 22.07(2) and (3). The referee recommended that the first count of the Board's complaint concerning the respondent's failure to turn over client funds be dismissed and that the respondent be publicly reprimanded for his failure to cooperate with the Board and district committee. He also recommended that the respondent be required to pay that portion of the costs of the proceeding which the court may determine to be just and equitable.

We hereby adopt the findings, conclusions and recommendation of the referee in this matter.

IT IS ORDERED that Harlow P. Bielefeldt, Jr., is publicly reprimanded for his unprofessional conduct in this matter.

IT IS FURTHER ORDERED that within 60 days of the date of this order Harlow P. Bielefeldt, Jr., pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $666.60, provided that if the costs are not paid within the time provided, that the license of Harlow P. Bielefeldt, Jr., to practice law in Wisconsin shall be suspended forthwith.